UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THOMAS CORROW,

               Plaintiff,

       -against-

DEPARTMENT OF CORRECTIONS; CAPTAIN
DONNELLI # 1278; C/O GONZALEZ,

               Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-05953 (NRM) (LGD)

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Thomas Corrow, who is currently detained at the Nassau County Correctional Center, brings this action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons stated below, Plaintiff's claim against the New York City Department of Correction ("DOC") is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claim against Captain Donnelli will proceed, and the claim against Correctional Officer Gonzalez will proceed once his full name is identified.

## BACKGROUND

Plaintiff asserts that on July 22, 2025, while inside a bathroom at the EMTC Center at Rikers Island at approximately 11:15 am, Captain Donnelli cut down white sheets that surrounded the toilet that Plaintiff was using and grabbed Plaintiff's arm. ECF No. 1 at 4. Plaintiff reported the incident, and the next day, Plaintiff alleges

1

that Captain Donnelli and two unnamed correctional officers cuffed Plaintiff, brought him to a vacant cell, and assaulted him. *Id*. at 6. He alleges that he suffered two seizures as a result. Plaintiff claims that officers lied to the mental health unit and tried to place him on suicide watch. *Id*. at 7. When he refused, Officer Gonzalez allegedly choked and beat him. *Id*. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## DISCUSSION

### I. Plaintiff's Claims Pursuant to 42 U.S.C. § 1983

Plaintiff brings his claims under Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### A. Plaintiff's Claims against the New York City Department of Correction

3

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision has been construed to mean that plaintiffs must sue the City of New York where they allege their rights have been violated by New York City departments and agencies, such as the New York City Police Department. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Morales v. Doe*, No. 25-CV-4170, 2025 WL 2106598, at *1 (S.D.N.Y. July 28, 2025) (noting that DOC is not a suable entity). Accordingly, Plaintiff's claim against the DOC is dismissed, as the only entity that may be sued for the agency's conduct is the City of New York. *See* 28 U.S.C. § 1915A.

Plaintiff's claim for the alleged use of excessive force by Captain Donnelli will proceed. Plaintiff's claim for the alleged use of excessive force by Correctional Officer Gonzalez will proceed once his full name is identified.

## CONCLUSION

ORDERED that Plaintiff's claim against the New York City Department of Correction is dismissed. No summons shall issue as to this Defendant, *see* 28 U.S.C. § 1915A; and it is further;

ORDERED that Plaintiff's claims against Captain Donnelli, # 1278, alleged to be a correctional officer employed at Rikers Island, with an address provided by Plaintiff of 10-10 Hazen Street, East Elmhurst 11370, shall proceed. The Clerk of Court shall issue a summons, and the United States Marshals Service is directed to

4

serve the summons, complaint, and this Order on Captain Donnelli, without prepayment of fees; and it is further;

ORDERED that in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests the Corporation Counsel of the City of New York to ascertain the full name of Correctional Officer Gonzalez, who allegedly physically assaulted Plaintiff in July 2025, at the EMTC on Rikers Island. The Corporation Counsel of the City of New York is to provide the full name of Correctional Officer Gonzalez and also provide the address where this individual can currently be served; the Corporation Counsel need not undertake to defend or indemnify this individual at this juncture, and it is further;

ORDERED that the Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identity of the above-named individual defendant and the address where he can be served to the Court within forty-five (45) days from the date of this Order; once he has been identified, Plaintiff's complaint shall be deemed amended to reflect the full name of this individual as a defendant, a summons shall issue for the defendant, and the Court shall direct service on this defendant, and it is further;

ORDERED that this action is referred to Magistrate Judge Lee G. Dunst for pretrial proceedings.

ORDERED that a copy of this Order and the Complaint shall be mailed to the Corporation Counsel, Special Federal Litigation Division, and a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:    November 17, 2025
             Brooklyn, New York